UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

HUI FEN ZHU,

                           Petitioner,

                      v.

KEVIN MCALEENAN, Acting Secretary, Department of Homeland Security, and L. FRANCIS CISSNA, Director, U.S. Citizenship & Immigration Services,

                           Defendants.

**MEMORANDUM AND ORDER**
19-CV-2543 (LDH)

---

LaSHANN DeARCY HALL, United States District Judge:

      Petitioner Hui Fen Zhu brings the instant action against Defendants Acting Secretary of the Department of Homeland Security, Kevin McAleenan; and Director of the United States Citizenship & Immigration Services ("U.S.C.I.S."), L. Francis Cissna, pursuant to 28 U.S.C. § 1361 seeking a writ of mandamus for an alleged violation of her right to due process under the Fourth Amendment to the United States Constitution. Respondents move pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint in its entirety.

## BACKGROUND[1]

      At some time prior to August 20, 2013, Petitioner was granted asylum in the United States. (Compl. 2.) In connection with her asylum application, Petitioner maintains that the reviewing judge deemed her credible. (*Id*. 3.) On August 20, 2013, Petitioner filed an I-485 application for legal permanent residency. (*Id*. 2.) In that application, Petitioner omitted that she

---

[1] The following facts are taken from the complaint and are assumed to be true for purposes of deciding the instant motion. (ECF No. 1.) Citations to the complaint refer to the pagination assigned by the Court's ECF system.

was previously arrested for practicing Falun Gong[2] in China, which was included in a previously filed I-589.  (*Id*. 4.)  According to Petitioner, the omission was inadvertent, as she "does not speak or read English and relied on her former attorney who filled [out] the form without asking [that] question."  (*Id*.)  Petitioner's participation in Falun Gong activities consisted of her giving out flyers for Falun Gong.  (*Id*. 5.)

On August 10, 2017, U.S.C.I.S. denied Petitioner's I-485 application "even though she was an asylee, did not have [a] criminal record[,] paid federal income taxes, and developed community ties."  (*Id*.)  According to Petitioner, her application was denied because it was prepared by an attorney who was convicted of preparing fraudulent I-485 applications.  (*Id*. 5.)  Petitioner alleges that this occurred despite the fact that there was "no showing" that the attorney committed any fraud in Petitioner's case and that U.S.C.I.S. "has never stated [that Petitioner's] claim was fraudulent."  (*Id*. 3, 5.)  Petitioner filed an I-290B motion to reopen and reconsider her I-485 application.  (*Id*. 5.)  On April 1, 2019, Petitioner's I-290B motion was denied.  (*Id*.)

## STANDARD OF REVIEW

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."  *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000).  The Petitioner bears the burden of establishing beyond a preponderance of the evidence that subject-matter jurisdiction exists.  *Id.*  "In reviewing a Rule 12(b)(1) motion to dismiss, the court 'must accept as true all material factual allegations in the complaint, but [the court is] not to draw inferences from the complaint favorable to Petitioner[].'"  *Tiraco v. New York State Bd. of Elections*, 963 F. Supp. 2d 184, 190 (E.D.N.Y. 2013)

---

[2] Falun Gong has been defined as "a spiritual discipline which China['s Government] banned in 1999 and calls an 'evil cult.'" J.Y., *What is Falun Gong*," https://www.economist.com/the-economist-explains/2018/09/05/what-is-falun-gong (last visited October 19, 2020).

(quoting *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004)).  Further, "[i]n resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings."  *Makarova*, 201 F.3d at 113.

## DISCUSSION

Defendants contend that U.S.C.I.S.'s denial of Petitioner's I-485 application is "a quintessential discretionary decision" under 8 U.S.C. § 1255 over which this Court lacks subject-matter jurisdiction pursuant to 8 U.S.C. § 1252.  (Respts.' Mem. L. Supp. Mot. Dismiss ("Respts.' Mem.") 15, ECF No. 14.)  The Court agrees.

Section 1255 provides that the Attorney General, in his discretion and under such regulations as he may prescribe, may adjust the status of an asylee "lawfully admitted for permanent residence if (1) the [asylee] makes an application for such adjustment, (2) the [asylee] is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to [the asylee] at the time [her] application is filed."  8 U.S.C. § 1255(a).  Generally, judicial review of a discretionary decision made by the Attorney General is barred by § 1252(a)(2)(B)(i) which provides, in relevant part, that, with few exceptions, no court shall have jurisdiction to review any "judgment regarding the granting of relief under section . . . 1255 of this title."  8 U.S.C. § 1252(a)(2)(B).  The Second Circuit has interpreted § 1252's jurisdictional bar to apply to I-485 determinations.  *See Cruz-Miguel v. Holder*, 650 F.3d 189, 193 (2d Cir. 2011) ("Federal courts lack jurisdiction to review a discretionary denial of adjustment of status."); *Ruiz v. Mukasey*, 552 F.3d 269, 276 n. 4 (2d Cir. 2009) ("8 U.S.C. § 1252(a)(2)(B)(i) eliminates district court jurisdiction to review the denial of a I–485 application.").

3

Nonetheless, Petitioner maintains that because she was granted discretionary asylum by an immigration judge who found her to be credible, the determination made on her I-485 application was non-discretionary and therefore, ripe for review here. (Pet.'s Opp'n Respts.' Mot. Dismiss ("Pet.'s Opp'n") 4, 9, ECF No. 15. ) This is simply not so, and Petitioner has offered no authority to support such a conclusion.[3] And, Petitioner's arguments with respect to the basis for the U.S.C.I.S.'s determination do not persuade the Court that its decision was non-discretionary. According to Petitioner, "[i]f the U.S.C.I.S. is not stating that her asylum claim is fraudulent then they are solely basing this decision (their denial) on the actions of her former attorney for which she has no control of and has nothing to do with her case." (*Id*. 9.) Petitioner's contention is highly speculative. Even if true, at most Petitioner's allegations support the conclusion that the decision could be deemed wrongly decided, and these facts nonetheless fail to establish that the U.S.C.I.S.'s decision was anything other than discretionary.

That said, Petitioner rightly contends that the jurisdictional bar "would not apply to petitions raising constitutional claims or questions of law." (Pet.'s Opp'n 8–9). That is, § 1252(a)(2)(D) provides that, nothing in § 1252(a)(2)(B) "shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." 8 U.S.C. § 1252(a)(2)(D). This Court, of course, is not a court of appeals, but a district court. Therefore, even if Petitioner had persuaded this Court that her appeal presents constitutional claims or mixed questions of law as

---

[3] Petitioner's reliance on the court's decision in *Sepulveda v. Gonzales* is misplaced. In that case, the immigration judge held that the plaintiff was statutorily ineligible for a status adjustment, the Board of Immigrations Appeals ("BIA") subsequently affirmed that decision, and the plaintiff filed suit in the Second Circuit seeking review of both decisions. *See Sepulveda v. Gonzales*, 407 F.3d 59, 61–62 (2d Cir. 2005). The Second Circuit held that because the plaintiff's status adjustment request was denied pursuant to a statutory mandate, the decisions were non-discretionary, and therefore were not precluded under § 1252(a)(2)(B) from judicial review. *Id*. at 64. Unlike in *Sepulveda*, Petitioner's complaint here is devoid of any allegation that her applications were denied pursuant to a statute, or that she is statutorily barred from receiving the status adjustment she requests. (*See* generally Compl.)

4

she urges, it has no jurisdiction over her claims. *See Cruz-Miguel*, 650 F.3d at 193 (stating that while generally, "[f]ederal courts lack jurisdiction to review a discretionary denial of adjustment of status" the Second Circuit retains jurisdiction "to review constitutional claims or questions of law raised upon a petition for review including whether an alien is eligible for adjustment of status.") (quotations and citations omitted). Petitioner's claims must be dismissed for lack of subject-matter jurisdiction.[4]

## CONCLUSION

For the foregoing reasons, Respondents' motion to dismiss the complaint in its entirety for lack of subject-matter jurisdiction is GRANTED.

SO ORDERED.

Dated: Brooklyn, New York
      November 17, 2020

/s/ LDH
LaSHANN DeARCY HALL
United States District Judge

---

[4] Petitioner's argument that U.S.C.I.S.'s denial of her application was violative of the Administrative Procedure Act is likewise unavailing. Petitioner maintains that U.S.C.I.S.'s decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law because it was "based on [Petitioner's] former attorney's actions which are unrelated to [Petitioner's] case." (Pet.'s Opp'n 11.) Even if true, this contention is insufficient to save Petitioner's claims. Although federal courts are generally authorized to set aside agency decisions that are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, "the APA does not empower courts to set aside agency actions" where "other statutes preclude judicial review." *Singh v. United States Citizenship & Immigration Servs.*, 878 F.3d 441, 445 (2d Cir. 2017), *as amended*, (Jan. 9, 2018) (quoting 5 U.S.C. § 706(2)(A) and quoting 5 U.S.C. § 701(a)(1)) (internal quotations and citations omitted). Because, as discussed above, the Court's review is precluded by § 1255, Petitioner's arguments must fail.

5